EARL FINCH, TRADING AS ACE ELECTRICAL COMPANY v. SMALL BUSINESS ADMINISTRATION, OF RICHMOND, VIRGINIA, CLARENCE P. MOORE AND JOHN A. WILKINSON, TRUSTEES, AND CLARA M. WHORTON AND JULIUS WHORTON.

(Filed 24 February, 1960.)

**1. Appearance § 2—**

Under the provisions of G.S. 1-134.1 the fact that a motion to dismiss for want of jurisdiction of the person of defendant contains matter relating to other defenses does not waive the objection as to the lack of jurisdiction.

**2. Process § 15½—**

The United States or an agency of the Federal Government cannot be sued except in accordance with its consent, and the statutes relating to the maintenance of such suits and the service of process therein must be strictly construed.

**3. Same—**

The Small Business Administration is not a corporate entity but is an agency of the United States, and while the statute provides that its administrator may sue and be sued, there is no statutory provision for it to sue or be sued in its own name, and therefore where service of process is directed to the administration, its motion to dismiss for want of jurisdiction is properly allowed. Rules 4(d)(4) and 4(d)(5) of the Rules of Civil Procedure, U.S.C.A., Title 28, Section 2410.

APPEAL by plaintiff from *Bundy, J.,* October Term, 1959, of CRAVEN.

Civil action instituted May 29, 1959, against Small Business Administration of Richmond, Virginia, *et al.,* wherein plaintiff, in substance, alleges:

On March 5, 1956, defendants Whorton executed and delivered to defendants Moore and Wilkinson, as trustees, a deed of trust on the Whorton real property in Craven County, as security for the payment of a loan the Whortons had obtained from Small Business Administration of Richmond, Virginia. Beginning March 10, 1956, and extending through August 28, 1958, plaintiff furnished material and services to the Whortons in connection with wiring and general repair work at the Whorton Crab Factory on said property, the amount due and owing therefor being $1,732.55, for which plaintiff filed a notice of claim of lien on December 6, 1958. The said material and services were so furnished "with the knowledge and acquiescence" of Small Business Administration and placed upon the property with its "tacit approval, knowledge and consent." The said deed of trust was foreclosed; and, pursuant to foreclosure, the property was con-

veyed by deed of May 20, 1959, to Small Business Administration of Richmond, Virginia.

Plaintiff asserts that he acquired a lien on said property for $1,732.55 and that his lien was prior to the lien of the (foreclosed) deed of trust. Plaintiff prays that he recover of the Small Business Administration of Richmond, Virginia, the sum of $1,732.55, with interest, or, "as an alternative remedy that the Court direct the said trustee to amend his accounting to include a full payment and settlement of this claim."

The court below, granting a motion made by the United States District Attorney for the Eastern District of North Carolina in behalf of Small Business Administration of Richmond, Virginia, vacated the purported service of process on said defendant and dismissed the action as to it on the ground that the court had not acquired jurisdiction of the person of said defendant.

Plaintiff excepted and appealed.

*Charles L. Abernethy, Jr., for plaintiff, appellant.*

*Julian T. Gaskill, United States Attorney, and Samuel A. Howard, Assistant United States Attorney, for the Eastern District of North Carolina, for defendant, appellee.*

BOBBITT, J.　No reference is made in the District Attorney's motion to the merits of plaintiff's alleged cause of action. He asserts that a special appearance is entered solely for the purpose of moving to dismiss for lack of jurisdiction of the person. If, as plaintiff contends, the motion alleged simultaneously matters pertaining to other defenses, this, under Session Laws of 1951, Chapter 245, now G.S. 1-134.1, would not waive the objection as to lack of jurisdiction.

The only purported service of process was as follows: According to the affidavit of a deputy sheriff of Henrico County, Virginia, a copy of the "attached process" was delivered "to Small Business Administration of Richmond, Virginia." For the reasons stated below, we do not consider whether, if G.S. 1-98.4 and G.S. 1-104 were applicable, there was a sufficient affidavit and order to meet the requirements thereof.

Plaintiff alleged that "the Small Business Administration is an agency of the Federal Government duly created under and by virtue of an Act of Congress with its principal office in Washington, D. C., and with a branch office in Richmond, Virginia."

Congress "created an agency under the name 'Small Business Administration' (herein referred to as the Administration), which Ad-

ministration shall be under the general direction and supervision of the President and shall not be affiliated with or be within any other agency or department of the Federal Government. The principal office of the Administration shall be located in the District of Columbia. The Administration may establish such branch and regional offices in other places in the United States as may be determined by the Administrator of the Administration." U.S.C.A., Title 15, § 633(a).

The Act of Congress provides: "The management of the Administration shall be vested in an Administrator who shall be appointed from civilian life by the President, by and with the advice and consent of the Senate, . . . The Administrator is authorized to appoint three Deputy Administrators to assist in the execution of the functions vested in the Administration." U.S.C.A., Title 15, § 633(b).

In defining the powers of the Administrator, U.S.C.A., Title 15, § 634(b), Congress provided, in part, as follows:

"(b) In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Administrator may—

"(1) sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property;

". . .

"(6) make such rules and regulations as he deems necessary to carry out the authority vested in him by or pursuant to this chapter";

The Administrator, under the powers vested in him by U.S.C.A., Title 15, § 634(b), issued and published the following rule: "§ 101.5-2 *Litigation*. Service of process in any suit instituted against SBA may be accomplished in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure or in accordance with the provisions of section 2410 of Title 28, United States Code. All litigation instituted by or against SBA will be prosecuted or defended by the Attorney General through the United States Attorney for the Federal District in which the matter arises." Code of Federal Regulations, Title 13, p. 499.

Rule 4(d)(4) and Rule 4(d)(5) of the Rules of Civil Procedure for the United States District Courts, providing the manner in which service of process shall be made, contain the provisions (U.S.C.A., Title 28, p. 192) set out below.

FINCH v. SMALL BUSINESS ADMINISTRATION.

"(4) Upon the United States, by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court and by sending a copy of the summons and of the complaint by registered mail to the Attorney General of the United States at Washington, District of Columbia, . . .

"(5) Upon an officer or agency of the United States, by serving the United States and by delivering a copy of the summons and of the complaint to such officer or agency. If the agency is a corporation the copy shall be delivered as provided in paragraph (3) of this subdivision of this rule."

U.S.C.A., Title 28, § 2410, which provides that "the United States may be named a party in any civil action or suit . . . in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien," contains this provision as to service of process: "In actions in the State courts service upon the United States shall be made by serving the process of the court with a copy of the complaint upon the United States attorney for the district in which the action is brought or upon an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of the court in which the action is brought and by sending copies of the process and complaint, by registered mail, to the Attorney General of the United States at Washington, District of Columbia."

"The United States, however, like all sovereigns, cannot be impleaded in a judicial tribunal, except so far as they have consented to be sued." Belknap v. Schild, 161 U.S. 10, 16 S. Ct. 443, 40 L. Ed. 599, and cases cited. Moreover, provisions in Federal statutes whereby consent is given for the maintenance of suits against the Government, since they relate to relinquishment of a sovereign immunity, must be strictly construed. United States v. Sherwood, 312 U.S. 584, 61 S. Ct. 767, 85 L. Ed. 1058; Soriano v. United States, 352 U.S. 270, 77 S. Ct. 269, 1 L. Ed. 2d 306.

The "Small Business Administration" is not a corporate entity but an agency of the United States "under the general direction and supervision of the President." The federal statute contains no provision to the effect that the "Small Business Administration" may sue or be sued eo nomine. It provides, as set forth above, that the Ad-

ministrator may sue and be sued. In this connection, it is noted that service of process was not made or attempted to be made on the Administrator or on a Deputy Administrator or on any person designated by the Administrator as a process agent.

Service of process herein was not made in the manner prescribed by Rules 4(d)(4) and 4(d)(5) of said Rules of Civil Procedure or in the manner prescribed by U.S.C.A., Title 28, § 2410. Under the rule issued by the Administrator, these procedures are available for service of process upon him.

On account of plaintiff's failure to serve process in a manner prescribed by law, we are of opinion, and so hold, upon the facts disclosed by this record, that plaintiff's action, as to "Small Business Administration of Richmond, Virginia," was properly dismissed for lack of jurisdiction.

The individual defendants are not parties to this appeal.

Affirmed.