**John L. HOSTINSKY**
v.
**UNITED STATES.**
No. 430–59.

United States Court of Claims.
July 19, 1961.

Franz O. Willenbucher, Washington, D. C., for plaintiff. Elmer B. Collins, Washington, D. C., was on the briefs.

Arthur E. Fay, Washington, D. C., with whom was Asst. Atty. Gen. William H. Orrick, Jr., for defendant.

WHITAKER, Judge.

The plaintiff seeks recovery for work performed between October 21, 1956, and August 14, 1957, when his temporary appointment as a fire and damage control superintendent with the Maritime Administration, Department of Commerce, was terminated by resignation. He is a retired officer of the Regular Navy presently receiving longevity retired pay which he was also receiving at the time of the performance of the civilian employment.

Between August 15, 1956, and October 21, 1956, plaintiff was temporarily appointed to the position of tug master, also with the Maritime Administration. In December 1957, the Maritime Administration determined that plaintiff had been illegally appointed fire and damage control superintendent and that the pay for this employment had been received by him illegally. The amount of the allegedly illegal payments was recovered by the defendant by withholding amounts otherwise due the plaintiff from his retired pay. In the view of the defendant, the employment of a retired officer like the plaintiff in a position such as he held under the Maritime Administration violates the Act of July 31, 1894, 28 Stat. 162, 205, as amended by the Act of May 31, 1924, 43 Stat. 245, which is found at 5 U.S.C.A. § 62 and reads as follows:

"No person who holds an office the salary or annual compensation attached to which amounts to the sum of two thousand five hundred dollars shall be appointed to or hold any other office to which compensation is attached unless specially authorized thereto by law; but this shall not apply to retired officers of the Army, Navy, Air Force, Marine Corps, or Coast Guard whenever they may be elected to public office or whenever the President shall appoint them to office by and with the advice and consent of the Senate. Retired enlisted men of the Army, Navy, Air Force, Marine Corps, or Coast Guard retired for any cause, and retired officers of the Army, Navy, Air Force, Marine Corps, or Coast Guard who have been retired for injuries received in battle or for injuries or incapacity incurred in line of duty shall not, within the meaning of this section, be construed to hold or to have held an office during such retirement."

The plaintiff, of course, denies that his civilian employment was illegal or that the quoted statute is applicable.

More specifically, the plaintiff advances three different theories, as alternatives, to support recovery. First, he contends that the statute is not applicable to a retired officer while in an inactive status. Next, he says that, since the second position involved only temporary employment, the statute is inapplicable. Finally, conceding for the sake of argument that the

statute does apply, the plaintiff contends that his appointment as fire and damage control superintendent was valid and effective *de facto* and that he is entitled to retain the compensation received for services performed under the appointment.

If it be conceded that the plaintiff held an office by virtue of being a retired officer in the Regular Navy, then the holding of the office of fire and damage control superintendent with the Maritime Administration, Department of Commerce, was in violation of the Act of July 31, 1894, supra. This statute provides in part:

"* * * No person who holds an office the salary or annual compensation attached to which amounts to the sum of two thousand five hundred dollars shall be appointed to *or hold* any other office to which compensation is attached unless specially heretofore or hereafter specially authorized thereto by law; but this shall not apply to retired officers of the Army or Navy whenever they may be elected to public office or whenever the President shall appoint them to office by and with the advice and consent of the Senate." [Italics supplied.]

Since he held the office in violation of this Act of Congress, he cannot recover the salary of the office.

█ Plaintiff says a retired officer does not hold an office. We think that an officer in the Navy, though retired, is still an officer. He continues to draw pay as a retired officer; he draws it because he is still an officer. Being an officer, he is subject to recall to active duty at the will of his superiors. He is subject to recall whether he wishes to serve or not. He is still subject to naval discipline.

█ That he held the office only temporarily is of no moment. The statute makes no such exception. It says a person already holding an office shall neither be appointed to another one nor hold another one. Plaintiff sues for the salary of an office so long as he held it. To hold it at all was illegal. But plaintiff says he is entitled to the compensation of the office because he held it *de facto*. Whether he held it *de facto* or *de jure*, he held it, and to hold it was a violation of the Act.

Plaintiff cites in support of his *de facto* argument Royer v. United States, 59 Ct.Cl. 199, 268 U.S. 394, 398, 45 S.Ct. 519, 69 L.Ed. 1011. That case does not support his argument for two reasons: First, Royer did not hold the office in violation of any statute. The facts in the Royer case were that General Pershing had recommended the promotion of plaintiff, who was then a first lieutenant, to major in the Medical Reserve Corps, but the Surgeon General recommended his promotion only to the grade of captain, and that was ratified by the Secretary of War. However, by inadvertence, the Adjutant General cabled General Pershing that plaintiff had been appointed as major, and the Surgeon General's office in France notified Royer that he had been commissioned as major, and requested him to submit his letter of acceptance and oath of office, which he did. He thereupon entered upon the duties of the office of major in the Medical Reserve Corps, wore the insignia of the office, and received the pay of the office. Some four months later, he was duly promoted to the office of major. Royer did not hold the office in violation of law. Here plaintiff did hold the office in violation of law. Second, in Royer, the United States sought to make Royer refund the salary he still retained. Here plaintiff had been required to refund the money and he sues to recover it. In Royer, the officer was permitted to retain the money paid him by mistake, but the courts will not lend their aid to recover money, the payment of which is illegal. The court will not be a party to the violation of the law.

Congress thought that the Act of 1894 applied to retired officers because in 1924 it amended the 1894 Act by providing that:

"* * * Retired enlisted men of the Army, Navy, Marine Corps, or Coast Guard retired for any cause, and retired officers of the Army, Navy, Marine Corps, or Coast Guard who have been retired for injuries received in battle or for injuries or incapacity incurred in line of duty shall not, within the meaning of this section, be construed to hold or to have held an office during such retirement." [Act of May 31, 1924, 43 Stat. 245.]

Plaintiff relies on the statement in the case of Geddes v. United States, 38 Ct.Cl. 428, that an officer's retired pay is but "an honorary form of pension." If it were a pension, this court would have no jurisdiction of suits to recover retired pay (28 U.S.C. § 1501), and, yet, we constantly take jurisdiction of such suits, and no one questions our authority to do so. The quoted statement is directly contrary to the recent cases of Tanner v. United States, 125 F.Supp. 240, 129 Ct.Cl. 792; and Watman v. United States, Ct.Cl.1961, 288 F.2d 472.

Consequently, we conclude that plaintiff is not entitled to the compensation he received as fire and damage control superintendent with the Maritime Administration, because the holding of that office was in direct violation of the mandate of Congress as contained in the Act of July 31, 1894, supra.

It will be noted that plaintiff does not come within the provisions of the Act of May 31, 1924, supra, because he was not retired "for injuries received in battle or for injuries or incapacity incurred in line of duty." He was retired for longevity.

Plaintiff's motion for summary judgment is overruled; defendant's like motion is granted, and plaintiff's petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and DURFEE, LARAMORE and MADDEN, Judges, concur.