F. JOHN WARD, PLAINTIFF, v. KOLMAN MANUFACTURING COMPANY; JOHN L. HEALY; C. A. DUBBE; ED. F. BURG; PATRICK J. HEALY; F. N. KOLBERG; MRS. F. N. KOLBERG; AND MRS. BLANCHE ZETTERLUND, EXECUTRIX, DEFENDANTS.

(Filed 4 May, 1966.)

1. **Process § 9—**
   Where notice of the levy is served upon the garnishee promptly and publication of the notice is timely made in a newspaper, the fact that the affidavit of the printer is not made within the time prescribed is not sufficient to justify defendants' motion to dismiss.

2. **Garnishment § 1—**
   In order for a debt to be subject to garnishment, the garnishee must have such residence or agency within this State as to render it amenable to the process of our courts, and the party against whom garnishment is laid must have the right to sue the garnishee in this State, and it must appear that the *situs* of the debt is in this State.

3. **Same; Process § 9—**
   Findings that the garnishee was a domesticated corporation, that it owed a debt, evidenced by a note, to a foreign corporation, that the note was assignable to the stockholders of the foreign corporation, that the foreign corporation owed a debt to plaintiff, that plaintiff, in his suit against the

foreign corporation, duly garnished the debt and by amendment had the individual stockholders of the foreign corporation made parties, warrant the court in denying defendants' motion to dismiss for want of jurisdiction.

**4. Appearance § 2—**

Since the enactment of G.S. 1-134.1, motion to dismiss for want of jurisdiction does not waive defendants' objections upon procedural grounds.

MOORE, J., not sitting.

APPEAL by defendants from *Copeland, S.J.*, March 7, 1966 Non-Jury Civil Session, WAKE Superior Court.

The plaintiff instituted this civil action in the Superior Court of Wake County on July 9, 1965, by filing affidavit for service of process by publication of notice to the defendants, all of whom are nonresidents of North Carolina. The plaintiff seeks to obtain jurisdiction over the defendants by attachment and garnishment of debts due the defendants by Athey Products Corporation, chartered in Illinois but domesticated in North Carolina where all of its officers reside and where the major part of its property is located and its business transacted. After the publication of the notice to the defendants and the service of the garnishment proceedings on Athey, the defendants entered special appearances and moved to dismiss the cause for lack of jurisdiction over either the defendants or the cause of action.

The allegations of the complaint in short summary are as here stated: F. John Ward, the plaintiff, is a resident of Minnesota. The defendant Kolman Manufacturing Company is a South Dakota corporation. The individual defendants are all of the officers and shareholders of the corporate defendant. All reside in Sioux Falls, South Dakota.

On April 23, 1964, the defendant corporation entered into a written agreement with the plaintiff, F. John Ward, whereby he became the exclusive agent of the corporation "for the sale of all or part of the stock or assets of Kolman Manufacturing Company." The contract was entered into at the home office of the corporation in South Dakota. It provided for commissions to be paid to Ward according to a graduated scale: One per cent of the sale price up to two million dollars; 20 per cent of the next $300,000.00; 22½ per cent of the next $200,000.00; 30 per cent of the excess over $2,-500,000.00.

As a result of the plaintiff's effort, on October 1, 1964, Athey Products Corporation, chartered in Illinois, agreed to purchase all of the assets of Kolman. The sale included the right to use and sell machines made under a designated U. S. patent. The plaintiff's

commission amounted to $142,168.74. That amount is due, subject to a credit of $50,000.00 and certain other small adjustments depending on the amount of cash paid, to be paid at the closing of the transaction. The foregoing commissions are now due, or past due, and are unpaid.

Attached to the complaint as exhibits are: (1) The letter and acceptance which constitute the contract between the plaintiff and Kolman. All officers and stockholders of the corporation approved the contract. (2) The purchase agreement between Athey Products Corporation and Kolman Manufacturing Company. By the purchase agreement Athey acquired all the assets and property of Kolman, agreed to assume all its obligations and to pay $440,000.00 cash at closing, $200,000.00 in cash on February 1, 1965, and to execute and deliver to Kolman its note for $850,000.00, payable in nine equal annual installments. The purchase agreement recites that F. John Ward has acted as broker for Kolman "and that it (Kolman) will indemnify and save harmless Athey against . . . all claims and liabilities arising from F. John Ward . . ."

The court conducted a hearing on the motion to dismiss based upon the pleadings and affidavits. The court found that neither the corporate defendant nor any of the individual defendants have ever done any business or lived in North Carolina. Service on the defendants was made by publication pursuant to G.S. 1-99.2. The jurisdiction of the court to hear and render judgment upon the cause of action alleged is predicated solely upon the attachment of defendants' property pursuant to garnishment proceedings, notice and levy thereunder were served upon the Athey Products Corporation which filed answer, admitted its indebtedness to Kolman as of February 1, 1965, in the principal sum of $755,555.56 due by note. The note stipulated it may be assigned at any time to the stockholders of Kolman under a plan of liquidation. On February 26, 1965, Athey "received notice which was construed as an assignment of said note to the stockholders of Kolman, . . . payments to be made to the Trust Department, Northwestern National Bank, Sioux Falls, South Dakota," pursuant to an escrow agreement between the stockholders of Kolman and the bank. The court further found: "Athey presently owns no property and conducts no business in the State of Illinois. All of its officers reside in Wake County, North Carolina." Two-thirds of its physical assets are located here. Athey maintains its principal office and place of business at its plant in Raleigh, North Carolina. Though chartered in Illinois, it transacts its business in this State where it is duly domesticated.

The court concluded: (1) "Athey Products Corporation is indebted to the defendants in the amount set forth in . . . the

Findings of Fact." (2) Such debts have a *situs* in North Carolina. (3) The defendants could bring suit in North Carolina against Athey Products Corporation to enforce the collection of such debts which have been brought within the jurisdiction of the court by the complaint, garnishment proceeding, and the publication of the notices as the law requires. Upon the findings and conclusions, Judge Copeland entered an order denying the motion to dismiss. The defendants excepted and appealed.

*Poyner, Geraghty, Hartsfield & Townsend by John Q. Beard for plaintiff appellee.*

*Purrington, Joslin, Culbertson & Sedberry by William Joslin for defendant appellants.*

HIGGINS, J. Both the corporation and the individual defendants base their motions to dismiss upon these grounds: (1) The "property" the plaintiff attempts to attach is a note executed by an Illinois corporation (Athey) payable to and held by a South Dakota corporation (Kolman) under a contract made in South Dakota, to be performed there. (2) The note has been assigned to the individual defendants who also reside in South Dakota. (3) The *situs* of the note is not in North Carolina and the North Carolina court cannot acquire jurisdiction either of the note or of the defendants. The defendants' motions to dismiss do not challenge the court's findings of fact or its order on any ground except lack of jurisdiction. The court has undertaken to acquire jurisdiction of the indebtedness and deal with the defendants' interest in it. Since the defendants are non-residents and not personally served, *in personam* judgments cannot be rendered against them. The court must act upon their property rights but can do so only if the property is in the court's custody. *Church v. Miller*, 260 N.C. 331, 132 S.E. 2d 688.

In their brief the defendants argue that the affidavit of the newspaper showing the publication of the notice, and the sheriff's endorsement and return showing the levy in the garnishment proceeding, were not timely filed as the law required. The record, however, shows the sheriff served the notice of the levy upon the garnishee (Athey) promptly and that the affidavit of the printer, though made late, nevertheless shows timely publication of the notice in the newspaper. After the court acquired control of the debt by the garnishment order, the objections are not sufficient to justify a motion to dismiss. *Jenette v. Hovey*, 182 N.C. 30, 108 S.E. 301; *Mills v. Hansel*, 168 N.C. 651, 85 S.E. 17. The court has power, in its dis-

cretion, to allow amendments. *Thrush v. Thrush,* 245 N.C. 63, 94 S.E. 2d 897.

The plaintiff filed his original complaint against the corporation alone. When it appeared there was, or might be an attempt to dissolve the corporation and require Athey, under the terms of the note to pay the amount due to the shareholders rather than to the corporation, the plaintiff amended his complaint, making the stockholders defendants. The condition of the record indicates that Athey owes the note, either to the Kolman corporation or to its stockholders. The plaintiff seeks to have the interests of both before the court so that the garnishee may be ordered to pay to the plaintiff rather than to Kolman or its stockholders. This case is now in the pleading stage. When the facts are developed in the trial, one or both of the defendants may be found to have an interest in the debt of which the note is but evidence. Both the corporation and the individual stockholders signed the agreement to pay the plaintiff. Garnishment is a proper ancillary remedy by which to discover intangible property rights and subject them to attachment.

In order to subject a debt to garnishment and to give the court jurisdiction to act with respect thereto, "(T)hree things should occur: (a) The corporation who is the garnishee in this case must have such a residence and agency within the State as renders it amenable to the process of the court; (b) the principal defendant, who is the plaintiff's debtor, must himself have the right to sue the garnishee, his debtor, in this State for the recovery of the debt; (c) it must appear that the *situs* of the debt is in this State." *Goodwin v. Claytor,* 137 N.C. 224, 49 S.E. 173.

The facts found by Judge Copeland, and which are not challenged, fully justify him in denying the motion to dismiss. According to the allegations of the complaint, the defendants owe the plaintiff. Athey, the garnishee, owes the defendants. The garnishee is located in Raleigh where the defendants could sue on the debt. All requirements discussed in *Goodwin* are present.

The defendants fail to make objection in the court below upon procedural grounds but relied exclusively upon the lack of jurisdiction. Since the enactment of G.S. 1-134.1, challenge on other grounds would not waive the objection to jurisdiction. *Finch v. Small Business Administration,* 252 N.C. 50, 112 S.E. 2d 737. Conceding, but not deciding, that the defendants may raise procedural objections for the first time in this Court, nevertheless we have examined the grounds argued in the brief. We do not discover in this voluminous

record anything which would justify dismissing the action. The defendants will have time to answer.

Affirmed.

MOORE, J., not sitting.