694 S.W.2d 16 (1985)
The UNITED STATES of America on Behalf of the ADMINISTRATOR OF the SMALL BUSINESS ADMINISTRATION and the Small Business Administration, Appellants,
v.
CHARTER BANK NORTHWEST, Appellee.
No. 13-84-107-CV.
Court of Appeals of Texas, Corpus Christi.
February 21, 1985.
Rehearing Denied March 28, 1985.
*17 Alan Scott Lutzer, Houston, Carol Bailey Boriack, Asst. U.S. Atty., Small Business Administration, Corpus Christi, for appellants.
Thomas E. Tiemann, Austin, for appellee.
Before NYE, C.J., and SEERDEN and KENNEDY, JJ.

OPINION
SEERDEN, Justice.
This is an appeal by Writ of Error from a default judgment in the sum of $30,973.77 plus attorney's fees of $10,300.00 together with interest and, in addition, for foreclosure of the security interest of appellee in certain personal property described in the judgment.
In its first point of error, appellant contends the trial court erred in entering its judgment because it did not have jurisdiction over the person of appellant. Appellant contends that service of process was ineffective to confer jurisdiction on the trial court over the Small Business Administration, because appellee failed to comply with either the federal law or the Texas Rules of Civil Procedure relating to service of process.
Appellee, who has not seen fit to reply to the brief filed by appellant herein, attempted to obtain jurisdiction over appellant by effectuating service of citation under Rule 106(a)(2) of the Texas Rules of Civil Procedure. The record reflects that the Clerk of the District Court, in accordance with Rule 106(a)(2), mailed a copy of the citation along with a copy of plaintiff's petition, by United States Certified Mail, deliver to addressee only, Return Receipt Requested, to the following persons:
1. The Corpus Christi Branch Office of Small Business Administration;
2. U.S. Attorney for the Southern District;
3. Administrator of the Small Business Administration; and
4. Attorney General of the United States, William F. Smith.
The Federal Government has provided that suits against the Small Business Administration may be accomplished by following the provisions of Rule 4, Federal Rules of Civil Procedure or Section 2410 of Title 28, United States Code. Both of these *18 provisions require delivery of the service of process upon the United States Attorney for the district in which the action is brought, or upon his designated assistant or clerical employee. The federal courts have held that personal service by delivery on the United States Attorney for the district in which the action arises or his duly appointed assistant or clerical employee, is a jurisdictional requirement where an agency of the United States is being sued. Zapata v. Smith, 437 F.2d 1024, 1027 (5th Cir.1971); Smith v. McNamara, 395 F.2d 896, 898 (10th Cir.1968), cert. denied, 394 U.S. 934, 89 S.Ct. 1211, 22 L.Ed.2d 466 (1969); Dutkiewicz v. Foster, 88 F.R.D. 85, 86 (D.Mass.1980); Lawrence v. Acree, 79 F.R.D. 669, 670-671 (D.D.C.1978). In this case, no attempt to personally deliver the citation and copy of plaintiff's petition to the United States Attorney for the district, or, for that matter, anyone else, was made by appellee.
The question of whether or not jurisdiction over a U.S. Government agency is governed exclusively by federal law does not appear to have been decided by any Texas appellate court. Appellant has referred us to Finch v. Small Business Administration of Richmond, Virginia, 252 N.C. 50, 112 S.E.2d 737 (1960), as the only case from a state supreme court touching the question. Finch held that in cases involving service of process on the Small Business Administration, the federal law controlled over the laws of North Carolina.
It is not necessary, however, to decide whether the federal rules control over the Texas rules with respect to service of process in this case, inasmuch as the attempted service was ineffective under either federal or Texas law.
Where a default judgment is directly attacked by writ of error, it is essential that there be strict compliance with the Rules of Civil Procedure relating to issuance of citation, the manner and mode of service and return of process. There are no presumptions of valid issuance, service and return of citation. Mega v. Anglo Iron & Metal Co. of Harlingen, 601 S.W.2d 501 (Tex.Civ.App.Corpus Christi 1980, no writ). None of the four returns of the citation, attempted to be served by certified mail in this case, appears to be valid. Rule 107 of the Texas Rules of Civil Procedure requires that when service is by registered or certified mail, the return of the officer must contain the return receipt with the addressee's signature. An examination of the return receipts of the four citations mentioned above shows the signature lines as follows:
1. signature "Sylvia Juarez." There is no showing of any connection with or authorization by the Corpus Christi Branch Office of the Small Business Administration.
2. signature "Floyd Hall." There is no showing of any connection with or authorization by the U.S. Attorney for the Southern District.
3. the letters "SBA" are written in the signature line and a mark is made in the square provided for "authorized agent." No authorized agent is named or described.
4. no signature appears in the space provided. What appears to be a stamped signature appears in the space provided for "Date of Delivery" and while we cannot make out the name in the writing, it does not appear to be "William F. Smith." The stamped words "Department of Justice" appear in the space provided for the explanation of "unable to deliver."
Clearly, none of these return receipts are sufficient, standing alone, to show that the citation and copy of appellee's petition was delivered to the person designated as the "addressee."
We hold that the attempted service of process upon appellant was ineffective to confer jurisdiction over the Small Business Administration on the trial court under either the federal rules and statutes mentioned or the Texas Rules of Civil Procedure. Accordingly, the judgment of the trial court is REVERSED and this case is REMANDED.

*19 OPINION ON MOTION FOR REHEARING
On motion for rehearing, appellant has complained that this Court erred in not specifically addressing and granting appellant's points of error numbers two and four. While we believe our original opinion disposed of these points, we now hold that appellant's points of error numbers two and four are overruled. In overruling these points of error, we note that the matters set forth therein were never presented to the trial court and, therefore, are not now before this Court. See PGP Gas Products, Inc. v. Fariss, 620 S.W.2d 559 (Tex.1981); O'Shea v. Coronado Transmission Co., 656 S.W.2d 557 (Tex. App.Corpus Christi 1983, writ ref'd n.r. e.).