Otis C. **SMITH, Plaintiff–Appellant,**

v.

**LORILLARD, INC.; Fidelity Financial
Services, Incorporated, Defendants–
Appellees,**

and

**P.L. Co. Federal Credit
Union, Defendant.**

No. 90–2468.

United States Court of Appeals,
Fourth Circuit.

Argued July 9, 1991.

Decided Sept. 17, 1991.

Samuel Chapin Post, Jr., Greensboro, N.C., argued for plaintiff-appellant.

Gerard Michael Chapman, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, N.C., argued (James R. Saintsing, on brief), for defendants-appellees.

Before ERVIN, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.

OPINION

MURNAGHAN, Circuit Judge:

While working for appellee Lorillard, Inc. at its plant in Greensboro, North Carolina, appellant Otis C. Smith had his wages subjected to garnishment pursuant to two garnishment orders issued by the District Court of Jefferson County, Kentucky in November of 1985 in favor of a judgment creditor and in July of 1986 in favor of a second judgment creditor. Lorillard, which also does business in Kentucky, was served with the garnishment orders there, and began garnishing Smith's wages in North Carolina. The underlying action from which the garnishment orders arose was brought against Smith while Smith was a resident of Kentucky. Personal service of Smith by the judgment creditors was obtained in those two actions and is not contested by Smith.

An original suit brought by Smith in October of 1987 in a North Carolina state court resulted in a preliminary injunction and later a voluntary dismissal. Smith then refiled the instant action in the state district court of Guilford County, North Carolina on March 14, 1989, whence it was subsequently removed by Lorillard to the United States District Court for the Middle District of North Carolina. In his complaint, Smith sought an order denying full faith and credit to the Kentucky garnishment order on the ground that the order violated various provisions of North Carolina law. Lorillard filed third-party claims against Smith's judgment creditors, seeking a determination of those creditors' liability.

On cross-motions for summary judgment, the district court entered judgment in Lorillard's favor, and Smith appeals.

The sole issue presented for our consideration is whether, in light of the Supreme Court's decision in *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), a state court considering the entry of an order of garnishment must satisfy itself anew that the state continues to maintain jurisdiction over the defendant on the basis of that defendant's "minimum contacts" with the state. In other words, do *Shaffer* and its progeny require that a state court engage in a new personal jurisdiction balancing test *after the underlying judgment is entered* in order to proceed with and enforce garnishment orders? Because the instant appeal is taken from an entry of summary judgment in which there are no disputed issues of material fact, our inquiry is limited to a consideration of whether Lorillard was entitled to judgment as a matter of law. *Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1127–28 (4th Cir.1987).

*Shaffer* is a 1977 case in which the Supreme Court overruled in part its long-standing decision in *Harris v. Balk*, 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023 (1905), and held that the use of *pre-judgment* garnishment against a nonresident debtor, based on the presence of the debtor's employer in the garnishor's state, was no longer, in and of itself, sufficient to confer *in rem* jurisdiction over the debtor, absent a showing that the debtor had "minimum contacts" with the garnishor's chosen forum state. 433 U.S. at 208–09, 97 S.Ct. at 2581–82.

It is Smith's position that the district court below, before according full faith and credit to the order of garnishment of the Kentucky court, U.S. Const. art. IV, § 1, had to satisfy itself that the Kentucky court's exercise of garnishment over Smith's wages, because Smith had since moved to another state, was a proper assertion of *in rem* jurisdiction under *Shaffer*. *See National Exchange Bank v. Wiley*, 195 U.S. 257, 269–70, 25 S.Ct. 70, 74–75, 49 L.Ed. 184 (1904) (entry of judgment by a court in one state lacking jurisdiction not entitled to full faith and credit in another state). For one essential reason, however, Smith's contention is meritless: *Shaffer* sets limits only on the *original* assertion of *in rem* and quasi *in rem* jurisdiction over non-resident defendants, not on the imposition of an ancillary order of garnishment flowing from a judgment for which the court originally had *in personam* jurisdiction over the creditor of the garnishee (*i.e.*, the defendant in the underlying action against whom the judgment was obtained). Smith's attempts to gloss that very important distinction fail.

It is well-settled that garnishment is an ancillary proceeding "growing out of, and dependent upon, another original or primary action or proceeding." 38 C.J.S. *Garnishment* § 2(a)(4) (1943). *See also Ward v. Kolman Mfg. Co.*, 267 N.C. 131, 148 S.E.2d 27, 30 (1966). Indeed, Kentucky law recognizes that "[a]ny person in whose favor a final judgment *in personam* has been entered in any court of record of this state may ... in the same cause in which said judgment was obtained ... obtain an order of garnishment." Ky.Rev.Stat.Ann. § 425.501(1). Thus, "where jurisdiction of the principal defendant is obtained by personal service or summons, steps taken to bring in the garnishee are not jurisdictional as to the former." 38 C.J.S. *Garnishment* § 123(a) (1943). Here, the Kentucky orders of garnishment were ancillary to the prior money judgments of the Kentucky court, the validity of which Smith has never disputed. The Kentucky court's jurisdiction over Smith, therefore, for the purpose of ordering the ancillary remedy of garnishment, continued from the original assertion of jurisdiction and did not have to be established anew at the time the judgment creditors sought their orders of garnishment.

The judgment of the district court is accordingly

AFFIRMED.