REA J. ELMWOOD v. ROBERT E. ELMWOOD

No. 49

(Filed 6 June 1978)

1. Garnishment § 1— military disability pay

Payments a retired military officer received from the U.S. on account of disability are not "remuneration for employment" and the U.S. is therefore not subject to state garnishment proceedings on account of such payments under 42 U.S.C. § 659.

2. Garnishment § 1— military retirement pay

Retirement pay of the defendant, a retired military officer, is "remuneration for employment," currently earned, and the defendant has no vested right therein until it is so earned; therefore, it is subject to garnishment proceedings instituted in the courts of N.C. to the extent, and only to the extent, that compensation for services currently rendered to a private employer are so subject.

3. Garnishment § 1— anticipated military retirement pay

Nothing else appearing, the anticipated retirement pay, for a future period, of a regular officer, retired from a branch of the military service, is not subject to garnishment but accumulated, unpaid retirement pay for past periods of service is subject to garnishment except as limited by statutes relating to such proceedings.

Elmwood v. Elmwood

**4. Garnishment § 1— military retirement pay—no garnishment for alimony—limited garnishment for child support**

Defendant's military retirement pay for the 60 day period next preceding the order of garnishment for alimony was exempt therefrom, it plainly appearing from defendant's affidavit that his retirement pay was necessary for the use of "a family supported wholly or partly by his labor," G.S. 1-362, nor was defendant's retirement pay earned after the garnishment order subject to garnishment for alimony; however, pursuant to G.S. 110-136, up to twenty percent of defendant's retirement pay from and after the period beginning 60 days prior to the service of the garnishment order was subject to garnishment for child support.

ON certiorari to review the decision of the Court of Appeals, reported in 34 N.C. App. 652, 241 S.E. 2d 693, reversing the orders of *Brewer, J.*, confirming the disbursement of certain garnished earnings of the defendant and denying the defendant's motion for dissolution of prior orders of attachment, but affirming his order adjudging the defendant to be in contempt of court.

The record discloses the following facts:

The parties were married 1 January 1951, at which time the defendant husband, 23 years of age, was enrolled as a midshipman in the United States Naval Academy, and the plaintiff wife, 45 years of age, was divorced and receiving alimony from her first husband, a former member of the United States Marine Corps. Their marriage was far from a happy one. Having no children of their own, they adopted Lynn Jane, now 20 years of age, living with and supported by the defendant, and Karl Robert, now approaching his 18th birthday and living with and supported by the plaintiff.

This action was instituted in 1967 by the plaintiff to obtain custody of the two children and to require the defendant to pay and secure to her a reasonable, separate subsistence, together with her attorney's fee. The defendant filed answer alleging the plaintiff abandoned him without just cause and praying that he be awarded custody of the children and that the plaintiff be denied the other relief sought by her.

Neither party then prayed for a divorce. Subsequently, the parties were divorced. The record does not contain the divorce decree and does not show in what court or at whose suit it was granted. A memorandum from the defendant to the Commandant

of the Marine Corps, which is attached to and made part of the plaintiff's reply to a motion filed by the defendant in the present proceeding, refers to a divorce decree dated 29 April 1975. Apparently, this is a typographical error since an affidavit of the defendant, filed in support of his motion, states that the defendant remarried in August 1970, by which second marriage he has two minor children. These two children and the adopted daughter of the parties now live with the defendant and his second wife in Spain and are supported by him.

Upon the defendant's graduation from the United States Naval Academy in 1952, he was commissioned as an officer in the United States Marine Corps and served therein until his retirement on 1 March 1970, attaining the rank of Major. He is now permanently retired but, as a permanently retired regular officer, remains subject to call to active duty in event of a declaration of war by the Congress of the United States. As a permanently retired officer, he is entitled to receive retirement pay, including disability allowance, of $870.40 per month, as of 30 April 1976. The laws of Spain, where he now resides, preclude him from obtaining employment in that country. The record does not indicate that he has any other income or property holdings.

The original decree of the District Court of Cumberland County, entered 20 February 1968, from which no appeal was taken, awarded the custody of the two adopted children, Lynn Jane and Karl Robert, then aged 10 and 7 years, respectively, to the plaintiff. At the time of the order now before the court for review, Karl continued to reside with and be supported by the plaintiff, but Lynn Jane had left the plaintiff's home and resided with and was supported by the defendant.

When Lynn Jane reached the age of approximately 16 years and began to drive an automobile, severe friction developed between her and the plaintiff, one factor in which was the daughter's frequent dating of Negro boys over the plaintiff's objection. As a result of this friction, the plaintiff instituted proceedings in the juvenile court which resulted in Lynn Jane's being adjudged a delinquent child and being confined first at Samarkand Manor and then at the C.A. Dillon School, these then being institutions of the Department of Correction. She remained in these institutions, and thus not under the support of the plain-

Elmwood v. Elmwood

tiff, for approximately nine months. Upon her release, she return-
ed to the plaintiff's home but friction between them continued so
she went to live with the defendant.

The procedural history of this action is as follows:

On 27 April 1967, the plaintiff filed her complaint seeking
custody of the two adopted children, an allowance for her
separate support and maintenance from the defendant, an
allowance for the support of the children and an allowance of at-
torney's fees.

On 20 February 1968, the defendant filed his answer to the
complaint praying that he be awarded custody of the children,
that the plaintiff be denied an allowance for her separate support
and maintenance, that she be denied an award of attorney's fees,
and that, if custody of the children be awarded to the plaintiff,
the defendant be allowed reasonable visitation rights. The answer
did not object to an award for the support and maintenance of the
children in event the plaintiff be granted their custody.

On 20 February 1968, the date of the defendant's answer is
shown to have been filed, judgment was entered by District
Judge Carter, from which judgment no appeal was taken. This
judgment set forth the court's findings of fact and adjudged and
ordered: (1) The plaintiff is entitled to separate support and
maintenance from the defendant pursuant to G.S. 50-16.1; (2) the
plaintiff is awarded custody of the two children, then aged 10 and
7 years; (3) the defendant is awarded reasonable visitation with
the children; (4) the defendant is ordered to pay to the plaintiff
for her support and care and for the care and support of the
children $475.00 per month, of which $100.00 per month is
allocated to the support of each child until such child becomes 18
years of age or until further orders of the court; and (5) the
defendant is ordered to make available to the plaintiff all medical
benefits allowable to her as a dependent wife of one in the
military status and to provide all such benefits allowable to the
children, the defendant having been found by the court to be then
in the military service of the United States with a gross salary of
$1,069.23 per month.

In July 1975, the plaintiff wife filed her petition reciting the
said judgment and asserting that the "defendant has wilfully fail-
ed and refused to make said payments or any part thereof since

May, 1970, and is now [July 1975] in arrears with said payments in the amount of $29,325, the same being represented by 63 default payments as to alimony and 60 default payments for the support of the children." The petition further recited that the defendant had departed from the State of North Carolina and had removed all of his property therefrom, that he is a career officer of the United States Marine Corps, retired, receiving approximately $851.00 per month retirement pay. The petition prayed that the court issue "an order of attachment with provision for garnishment," the petition being supported by a bond, with personal surety, in the amount of $200.00.

On 14 July 1975, District Judge Herring entered an attachment order directing the Sheriff of Cumberland County "to attach and safely keep all the property of the defendant within your county, which is subject to attachment or so much thereof as is sufficient to satisfy plaintiff's demand in the amount of $29,325, together with costs and expenses," and to return such order of attachment to the Clerk of the Superior Court.

A notice of levy and a summons to the garnishee, both addressed to the Secretary of Defense and to the United States District Attorney, were served by the Sheriff of Cumberland County on 14 July 1975. On 11 August 1975, the United States Marine Corps filed answer, asserting that, at the time of the service of the summons, the United States Marine Corps was indebted to the defendant in the amount of $531.09 in retirement pay and had since become additionally indebted to him in retirement pay, the total such indebtedness being $1,049.80 at the time of the answer, that the right of the defendant to receive retirement pay "is continuing" and the United States Marine Corps otherwise had in its possession no property of the defendant.

On 12 September 1975, the United States Attorney filed answer, stating that the defendant is entitled to a gross retirement pay of $825.81 per month, subject to certain deductions, making a net payment per month, subject to garnishment, of $801.52, and that, as of the date of the answer, defendant's retirement pay withheld, pursuant to the order of attachment and notice of levy, was $1,871.61, the defendant being entitled to the said retirement benefits until his death unless otherwise terminated or changed by law.

On 9 March 1976, District Judge Guy issued an order on the motion of the plaintiff directing the United States to pay into the Office of the Clerk of the General Court of Justice of Cumberland County the said sum of $1,871.61, together with such additional sums as have been withheld from the defendant's net retirement pay, as required by the above mentioned order of attachment and garnishment and further ordering that thereafter the additional net retirement pay of the defendant be withheld, pursuant to Public Laws 93-647 and § 459 of the Social Security Act, until the total sum of $29,325 shall have been withheld and paid into the office of the Clerk for the benefit of the plaintiff.

On 23 March 1976, the United States filed its motion to amend the judgment on the ground that the said judgment is void "as in contravention of North Carolina law." The said motion asserted: "While the Federal garnishment statute, Title 42, U.S.C., Section 659, allows the retirement pay due from United States to be garnished as if the United States were a private person, the laws of the State of North Carolina only provide garnishment for child support, not exceeding 20% 'of the responsible parent's monthly disposable earnings.' N.C.G.S. 110-136. This section preempts this area of child support garnishment. The suit in the instant case is governed by the laws of North Carolina, and therefore, the judgment should only provide for the maximum of 20% garnishment of that amount attributable to child support. Any alimony payment is subject to the provisions of Article 35, Chapter 1 of the North Carolina General Statutes, which allows recovery of the smaller of either the amount owed to the defendant, at time of judgment, or the amount prayed by plaintiff. Here, the $1,871.61 is the smaller amount, and is all that the law provides be rendered to plaintiff by this judgment. N.C.G.S. 1-440.28." For this reason, the United States moved the court to amend its judgment so as to specify the amounts attributable to child support and to provide that 20% of the net garnishment retirement pay of the defendant be garnished until the child support payments in arrearage be paid, and that no further amount be required to be paid by the United States.

On 20 May 1976, District Judge Guy, citing G.S. 1-440.2, and 42 U.S.C. § 659, and G.S. 110-136, concluded "that the net retirement pay of the defendant received from the United States Government by reason of his service in the Armed Forces is until

the death of the defendant or until sooner forfeited subject to attachment and garnishment" in this action. Consequently, Judge Guy denied the said motion of the United States, reaffirmed the above mentioned order of 9 March 1976 vesting title to the said sum of $1,871.61 and directed the United States to pay that sum, together with future withholdings from the defendant's net retirement pay to the Clerk.

On 22 July 1976, the defendant, in a motion supported by affidavits, moved the court to dissolve "all orders of attachment and garnishment which purport to attach and garnish defendant's earnings accrued after July 14, 1975, and to order the restoration to him of all amounts withheld pursuant to such orders." In this motion the defendant further asserted his right to a statutory exemption of so much of his retirement pay as became due to him within 60 days prior to the attachment order of 14 July 1975 and to order the restoration to him of the earnings so attached and so exempt. The defendant in this motion further prayed for an increase in the amount of the plaintiff's attachment bond from $200.00 to $12,000.

On 27 July 1976, the plaintiff filed a reply to the said motion by the defendant. In this reply she contended that the funds garnished were not earned by the defendant within 60 days next preceding the order of attachment but were earned by him prior to his retirement and constitute "a vested interest in defendant's favor, which is subject to attachment and garnishment in North Carolina.

On 26 August 1976, the plaintiff moved the court to issue its citation of contempt against the defendant for his failure to comply with the orders of the court. On the same date, District Judge Carter issued an order to the defendant to appear and show cause why he should not be adjudged in wilful contempt.

On 2 September 1976, the plaintiff moved the court that, pursuant to G.S. 1-440.32, the disbursement to the plaintiff of the above mentioned $1,871.61 be confirmed. To this the defendant filed a reply showing that the Clerk had disbursed to the plaintiff the said $1,871.61, the defendant asserting that such disbursement was unlawful, there having been no final judgment for a money award and G.S. 1-440.32 requiring that property seized pursuant to execution (attachment being in the nature of a

Elmwood v. Elmwood

preliminary execution) be held subject to the order of the court pending judgment in the principal action. For this reason, the defendant moved that the court order the plaintiff to restore the said sum to the custody of the court and that no further disbursement be made pending the judgment of the court in the principal action. The defendant also moved the court to dissolve the order of attachment above mentioned.

On 12 October 1976, District Judge Brewer entered an order reciting substantially, as findings of fact, the above recounted history of the action, including the disbursement by the Clerk to the plaintiff of the said $1,871.61. In this order Judge Brewer concluded that G.S. 110-136, providing for garnishment for child support not exceeding 20% of earnings, does not repeal or modify "existing statutory provisions for attachment and garnishment, but constitutes an additional remedy." He further concluded that Title 42 U.S.C., Section 659, subjects the United States to garnishment for enforcement of child support and alimony obligations and applies to money, the entitlement to which is based upon remuneration for employment, due from the United States to any individual, including members of the Armed Services, and subjects net retirement pay of the defendant to attachment and garnishment proceedings instituted in this action. He further concluded that G.S. 1-362, providing for an exemption from execution of earnings of a debtor for personal services within 60 days next preceding an order of seizure, does not apply to the defendant's retirement pay earned prior to his retirement in 1973. Finally, Judge Brewer concluded that the order of 9 March 1976, designated "Order Vesting Title" conforms to G.S. 1-440.32. Consequently, Judge Brewer, in this order, denied the defendant's motion to dissolve the order of attachment and garnishment and his motion to restore to him amounts previously withheld pursuant thereto. He denied the defendant's motion for exemption, pursuant to G.S. 1-362, and his motion to order restoration to him of retirement pay theretofore attached. He further denied the defendant's motion to increase the plaintiff's attachment bond.

On 20 October 1976, District Judge Brewer entered a further order confirming the disbursement by the Clerk of the Superior Court of the said $1,871.61 to the plaintiff.

Also, on 20 October 1976, District Judge Brewer entered an order finding the defendant then in arrears in the said alimony and child support payments in the total sum of $35,525, subject to a credit on account of the said $1,871.61 and to a further credit of $1,000 representing the 10 months during which Lynn Jane was in the custody of the North Carolina Department of Correction (and so not supported by the plaintiff), and further finding; the defendant in wilful contempt of the court. Judge Brewer, in this order adjudged that the defendant be confined in the common jail of Cumberland County for a period of 30 days, but provided that the defendant might purge himself from his contempt by conforming to specified conditions set forth in the order.

On 27 October 1976, the defendant filed with the District Court a written "authorization for disbursement of earnings." This document recites that, pursuant to the above mentioned order of 20 February 1968, the defendant "owes approximately $7,700 as support for Karl Robert Elmwood and approximately $4,700 as support for Lynn Jane Elmwood." It further acknowledges that G.S. 110-136 authorizes the garnishment of 20% of the defendant's monthly disposable earnings for the support of minor children. The document, therefore, authorizes and instructs "the Marine Corps Finance Center and its disbursing officer to forthwith pay to the Clerk of the Superior Court of Cumberland County 20% of all of Respondent's accrued retirement earnings which have been withheld pursuant to garnishment/attachment proceedings in this case to the end that said sum may be forthwith disbursed to Plaintiff for the benefit and support of Karl Robert Elmwood." The document further authorizes and instructs the disbursing officer of the Marine Corps Finance Center "to withhold 20% of Respondent's future retirement earnings, as the same shall become due and owing to Respondent, and to pay said sum into the Office of the Clerk of Superior Court of Cumberland County until Respondent's child support arrearage of $12,400 shall be fully paid and satisfied." The document further declares the intent of the respondent to continue to support Karl Robert Elmwood as long as he remains a minor and dependent for support upon the plaintiff and the defendant and, to that end, authorizes the disbursing officer of the Marine Corps Finance Center "to withhold the sum of $100.00 per month or 20% of Respondent's retirement earnings, whichever is less, from Respondent's retirement earnings (after

Elmwood v. Elmwood

all child support arrearages are paid) and to pay said monthly sums into the Office of the Clerk of Superior Court of Cumberland County for disbursement to the Plaintiff for the exclusive benefit and support of Karl Robert Elmwood."

The defendant appealed to the Court of Appeals from the said orders of 12 October 1976 and 20 October 1976, which denied the defendant's motion to dissolve the order of attachment and garnishment, confirmed the order of disbursement of the $1,871.61 and adjudged the defendant in contempt of court. The Court of Appeals adjudged:

"The trial court erred in its order of 12 October 1976 in failing to allow defendant's motion for dissolution of the orders in the nature of attachment and for effectuation of the G.S. 1-362 earnings exemption and also erred in its order of 20 October 1976 in confirming disbursement of $1,871.61 garnished earnings. Defendant's first two assignments of error are sustained. The third and last assignment of error is without merit and overruled because the court did not err in adjudging defendant to be in contempt."

The plaintiff's petition for the issuance of a writ of certiorari to review this determination by the Court of Appeals was allowed.

*Nance, Collier, Singleton, Kirkman & Herndon by James R. Nance and James D. Little for Plaintiff.*

*Donald W. Grimes for Defendant.*

LAKE, Justice.

Upon this appeal we are not concerned with the validity of the order of 20 February 1968 directing the defendant to make monthly payments to the plaintiff for her separate support and maintenance and for the support of the two children. The defendant did not appeal from that order and the record discloses no effort by him to procure a modification of it.

In response to the order of the District Court directing him to appear before it and show cause why he should not be adjudged in wilful contempt for his failure to abide by the provisions of that order of 20 February 1968, the defendant appeared and presented evidence by testimony and affidavit. Thereupon, the

District Court adjudged him to be in wilful contempt and ordered him to be confined in the Cumberland County jail for 30 days, commitment not to issue until further orders so as to give the defendant an opportunity to purge himself of such contempt in the manner prescribed. The District Court found that the defendant, at that time, in addition to his military retirement pay, was earning $700.00 per month from private employment in North Carolina. The findings of the District Court set forth in that order are supported by the evidence in the record and these, in turn, support its conclusion that the defendant was then in wilful contempt and the sentencing of the defendant to 30 days in jail therefor. This sentence is, therefore, affirmed.

After the defendant was so adjudged in contempt, he filed with the District Court his authorization and direction to the Marine Corps Finance Center and its disbursing officer to pay to the Clerk of the Superior Court 20% of all of the defendant's accrued retirement pay, for disbursement to the plaintiff for the benefit and support of his adopted son, Karl Elmwood, to withhold 20% of his future retirement earnings, as the same become due, to pay such future withholdings to the Clerk of the Superior Court until the entire arrearage in child support payments be fully paid and, further, to withhold $100.00 per month or 20% of his retirement earnings (whichever is less) after all such arrearages in child support payments are fully satisfied and pay that amount to the Clerk of the Superior Court of Cumberland County for disbursement to the plaintiff for the benefit and support of Karl.

This authorization does not fully conform to the provisions of the order of the District Court setting forth the way whereby the defendant might purge himself from his contempt of that court. The record does not show whether the District Court has considered the sufficiency of this act of the plaintiff to purge him from his contempt. If not, that matter is, initially, for determination by the District Court and is not presently before us.

We turn now to consideration of the validity of the garnishment order of the District Court.

42 U.S.C. 659 provides:

Elmwood v. Elmwood

*"Consent by United States to garnishment and similar proceedings for enforcement of child support and alimony obligations.*

"Notwithstanding any other provision of law, effective January 1, 1975, monies (the entitlement to which is based upon the remuneration for employment) due from, or payable by, the United States (including any agency or instrumentality thereof and any wholly owned Federal corporation) to any individual, including members of the Armed Services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments."

This Act of Congress does not create a right in the plaintiff, or the children of the parties, to garnish the defendant's military retirement pay. It merely removes the barrier of sovereign immunity so as to place the United States in the same position as a private employer for the purpose of the garnishment, for child support and alimony, of money due as "remuneration for employment." Whether or not the monthly payments which the defendant is entitled to receive from the United States are "remuneration for employment" is governed by Federal law. If they are, their susceptibility to garnishment in this proceeding is governed by the law of this State.

[1] Our attention has been directed to no Federal court decision dealing specifically, in this connection, with payments a retired officer receives from the United States on account of disability. 42 U.S.C. § 462(f)(2) appears to exclude such payments from "remuneration for employment" in absence of circumstances not appearing in this record. We conclude that this defendant's disability payments are not "remuneration for employment" and, therefore, the United States is not subject to state garnishment proceedings on account of such payments under 42 U.S.C. § 659. Such disability payments, in our opinion, are more closely akin to benefits payable, pursuant to the Workmen's Compensation Act, for disability by accident arising out of and in the course of employment than they are to wages.

On the other hand, retirement pay recieved by a retired regular officer of the Military Services (more accurately designated as "retired" pay) is "remuneration for employment." In this respect, the Federal authorities make a distinction between payments to a retired officer of the Regular Army (or other branch of the regular military service) and retired reserve officers.

In an opinion of the Comptroller General on this subject, it is said:

"Retired pay * * * is paid to retired officers of the Regular Army as current compensation or pay for their continued service as officers after retirement and only while they remain in the service, whereas the retirement pay * * * for officers * * * other than officers in the Regular Army * * * is not conditioned upon their remaining in the service, but is more in the nature of a pension." 23 Comp. Gen. 284, 286 (1943). See also, *United States v. Tyler*, 105 U.S. 244, 245 (1881).

A retired officer of the Regular Army (or other branch of the regular military service) remains subject to the Uniform Code of Military Justice; that is, to military discipline. He may be court-martialed for conduct after retirement. 10 U.S.C. §§ 802, 3966; *Hostinsky v. United States*, 292 F. 2d 508 (Ct. Cl. 1961). He is still an officer in his branch of the service and is subject to recall to active duty under certain circumstances, this not being true of retired reserve officers. Thus, his retirement pay has been held by the Federal courts to be remuneration for his current employment as a retired officer, not a pension for past services. *Watson v. Watson*, 424 F. Supp. 866 (E.D.N.C. 1976); *Hostinsky v. United States, supra; Chambers v. Russell*, 192 F. Supp. 425 (N.D. Cal. 1961); *Hooper v. Hartman*, 163 F. Supp. 437 (S.D. Cal. 1958), aff'd 274 F. 2d 429 (9th Cir. 1959); *Lemly v. United States*, 75 F. Supp. 248 (Ct. Cl. 1948). See also, *In re Marriage of Ellis*, 36 Colo. App. 234, 538 P. 2d 1347 (1975).

[2]   Thus, we conclude that the retirement pay of the defendant is "remuneration for employment," currently earned, and the defendant has no vested right therein until it is so earned. It is, therefore, subject to garnishment in proceedings instituted in the

courts of this State to the extent, and only to the extent, that compensation for service currently rendered to a private employer are so subject.

The nature of garnishment is thus stated in *Goodwin v. Claytor*, 137 N.C. 224, 49 S.E. 173 (1904), wherein Justice Walker, speaking for the Court, said:

"[A] garnishment is in effect a suit by the principal debtor, the defendant in the action, in the name of the plaintiff, and for his use and benefit, against the garnishee to recover the debt due to the plaintiff's debtor and apply it to the satisfaction of the plaintiff's demand. It would appear to be a necessary corollary from the proposition, thus stated, that the plaintiff in the garnishment is in his relation to the garnishee substituted merely to the rights of his own debtor and can enforce no claim against the garnishee which the debtor himself, if suing, would not be entitled to recover. [Citations omitted.] The garnishee can be placed in no worse position by reason of the garnishment than he occupied as a debtor to the defendant, nor subjected to any greater liability."

In *Ward v. Manufacturing Co.*, 267 N.C. 131, 148 S.E. 2d 27 (1966), speaking through Justice Higgins, we said that in order to subject a debt to garnishment "the principal defendant, who is the plaintiff's debtor, must himself have the right to sue the garnishee, his debtor, in this State for recovery of the debt." Obviously, the defendant in the present action could not maintain a suit against the United States (treating the United States as a private employer) for retirement pay which he anticipates he will become entitled to receive in the future. Since his retirement pay is deemed to be compensation for services currently rendered, his present entitlement to future payments is obviously contingent upon his rendition of services in the future. Thus, his entitlement to future retirement payments may be defeated by a number of possible developments; e.g., his death, resignation, dismissal pursuant to court-martial or change in the Federal law.

In McIntosh, North Carolina Practice and Procedure, 2d, § 2124 (1956), it is said, "If the money due from the garnishee is payable at a future day, or the property is to be delivered at a future day, a conditional judgment may be entered against the garnishee." This statement relates to an obligation presently fix-

Elmwood v. Elmwood

ed so that, with the mere passage of time, the principal debtor's right to enforce payment will become absolute, such as an unmatured note. It does not relate to a claim which is presently contingent upon the happening of an event not certain to occur or the continuation of a status such as the employment of the principal debtor by the garnishee. Thus, in *Motor Finance Co. v. Putnam*, 229 N.C. 555, 557, 50 S.E. 2d 670, 671 (1948), speaking through Justice Ervin, this Court said, concerning supplemental proceedings in execution: "[I]t is plain that a supplemental proceeding against a third person is designed to reach and apply to the satisfaction of the judgment property of the judgment debtor in the hands of the third person or debts due to the judgment debtor by the third person at the time of the issuance and service of the order for the examination of the third person. Prospective earnings of a judgment debtor are entirely hypothetical. They are neither property nor a debt." See also, 38 C.J.S. Garnishment, §§ 87, 97 (1943); *Watson v. Watson, supra; In re Marriage of Ellis, surpa.*

[3]    Thus, nothing else appearing, the anticipated retirement pay for a future period, of a regular officer, retired from a branch of the military service, is not subject to garnishment. Accumulated, unpaid retirement pay for past periods of service is subject to garnishment, except as limited by statutes relating to such proceedings.

The applicable statutes are G.S. §§ 1-440.1; 1-440.2; 1-440.4; 1-440.21; 1-440.28(a); 1-362 and 110-136. The pertinent provisions of these sections are:

G.S.1-440.21. "*Nature of garnishment.* — (a) Garnishment is not an independent action but is a proceeding ancillary to attachment and is the remedy for discovering and subjecting to attachment * * * (2) Any indebtedness to the defendant * * *"

G.S. 1-440.1. "*Nature of attachment.* — (a) Attachment is a proceeding ancillary to a pending principal action, is in the nature of a preliminary execution against property, and is intended to bring property of a defendant within the legal custody of the court in order that it may subsequently be ap-

plied to the satisfaction of any judgment for money which may be rendered against the defendant in the principal action."

G.S. 1-440.2. "*Actions in which attachment may be had.*— Attachment may be had in any action the purpose of which, in whole or in part, or in the alternative, is to secure a judgment for money, or in any action for alimony or for maintenance and support, or an action for the support of a minor child, but not in any other action."

G.S. 1-440.4. "*Property subject to attachment.*— All of a defendant's property within this State which is subject to levy under execution, or which in supplemental proceedings in aid of execution is subject to the satisfaction of a judgment for money, is subject to attachment under the conditions prescribed by this article."

G.S. 1-440.28. "*Admission by garnishee; set-off; lien.*— (a) When a garnishee admits in his answer that he is indebted to the defendant, or was indebted to the defendant at the time of service of garnishment process upon him or at some date subsequent thereto, the clerk of the court shall enter judgment against the garnishee for the smaller of the two following amounts:

(1) The amount which the garnishee admits that he owes the defendant or has owed the defendant at any time from the date of the service of the garnishment process to the date of answer by the garnishee, or

(2) the full amount for which the plaintiff has prayed judgment against the defendant, together with such amount as in the opinion of the clerk will be sufficient to cover the plaintiff's costs."

G.S. 1-362. "*Debtor's property ordered sold.*— The court or judge may order any property, whether subject or not to be sold under execution (except the homestead and personal property exemptions of the judgment debtor), in the hands of the judgment debtor or of any other person, or due to the judgment debtor, to be applied toward the satisfaction of the

judgment; except that the earnings of the debtor for his personal services, at any time within sixty days next preceding the order, cannot be so applied when it appears, by the debtor's affidavit or otherwise, that these earnings are necessary for the use of a family supported wholly or partly by his labor."

G.S. 110-136. *"Garnishment for enforcement of child-support obligation.*—(a) Notwithstanding any other provision of the law, in any case in which a responsible parent is under a court order or has entered into a written agreement pursuant to G.S. 110-132 or 110-133 to provide child support, a judge of the district court in the county where the mother of the child resides or is found, or in the county where the father resides or is found, or in the county where the child resides or is found may enter an order of garnishment whereby no more than 20 percent (20%) of the responsible parent's monthly disposable earnings shall be garnished for the support of his minor child. For purposes of this section, 'disposable earnings' is defined as that part of the compensation paid or payable to the responsible parent for personal services, whether denominated as wages, salary, commission, bonus, or otherwise (including periodic payments pursuant to a pension or retirement program) which remains after the deduction of any amounts required by law to be withheld. The garnishee is the person, firm, association, or corporation by whom the responsible parent is employed.

\* \* \*

   (c) A hearing on the petition shall be held within ten days after the time for response has elapsed or within ten days after the responses of both the responsible parent and the garnishee have actually been filed. Following the hearing the court may enter an order of garnishment not to exceed 20 percent (20%) of the responsible parent's monthly disposable earnings. \* \* \* The order shall set forth sufficient findings of fact to support the action by the Court and the amount to be garnished for each pay period."

In *Goodwin v. Claytor*, supra, this Court said with reference to G.S. 1-362 (then Code § 493):

"The humane and beneficent provisions of the law in regard to exemptions, being remedial in their nature and founded upon a sound public policy, should always receive a liberal construction so as to embrace all persons coming fairly within their scope. Black Interp. of Law, 311. This Court has uniformly held that where property is exempted from seizure under final process it is similarly exempt from levy or seizure under any mesne process issued for the purpose of placing it in the custody of the court and thus preserving it until it can finally be applied to the satisfaction of the plaintiff's debt. *Chemical Co. v. Sloan*, 136 N.C. 122. Supplementary proceedings are in the nature of final process, when viewed either as a substitute for a creditor's bill to enforce the payment of a judgment at law or as proceeding having the essential qualities of an equitable *fi.fa.*, and if the defendant comes within the general description of the persons designated in the act, there is no good reason for denying him the exemption under the garnishment." 137 N.C. at 236, 49 S.E. at 177.

G.S. 1-362 expressly exempts from sale under execution (and so, from garnishment) the earnings of a debtor from his personal services within 60 days next preceding the order when it appears by the debtor's affidavit "that these earnings are necessary for the use of *a* family supported wholly or partly by his labor." (Emphasis added.) It would seem reasonable to suppose that what the Legislature of 1870-71 had in mind, in enacting this exemption, was to protect the wage-earner's family from want as against the claims, however just, of his other creditors and that it was not contemplated that the needs of a wage-earner's second family should be supplied at the expense of the legitimate claims of his first family. However, the language of G.S. 1-362 is explicit and, according to *Goodwin v. Claytor*, supra, is to be given a liberal construction favorable to the exemption.

[4] Thus, we are compelled to hold that this defendant's retirement pay for the 60 day period next preceding the order of garnishment was exempt therefrom, except as hereinafter noted, it plainly appearing from the defendant's affidavit that his retirement pay was necessary for the use of "a family supported wholly or partly by his labor." For the reasons above mentioned, his retirement pay earned after the garnishment order was not sub-

Elmwood v. Elmwood

ject thereto, except as hereinafter noted. Consequently, except as hereinafter noted, the defendant's retirement pay, from and after the period beginning 60 days prior to the service of the garnishment order, was not subject to garnishment either for alimony or for child support, as such retirement pay earned in the 60 days prior to the service of the garnishment order would have been, pursuant to G.S. 1-440.2 and G.S. 1-440.21 but for the exemption contained in G.S. 1-362. Consequently, it was error to garnish and distribute to the plaintiff the whole of the $1,871.61 (sometimes shown in the record as $1,871.63) paid into the court by garnishee. If this paramounting of the needs of a husband-father's second family over the needs of his first family be deemed inequitable, the remedy must be supplied by the Legislature by an amendment to G.S. 1-362.

With reference to child support, however, something else does appear in G.S. 110-136, above quoted. As this statute provides, "Notwithstanding any other provision of the law," which would include the exemption provision of G.S. 1-362, up to 20% of the defendant's "monthly disposable earnings" were garnishable for the support "of his minor child." We think the only reasonable interpretation of this statute is that the Legislature intended 80% of the parent's "monthly disposable earnings" to be beyond the reach of such garnishment order, even though there be more than one minor child entitled to support from him.

Subsection (c) of G.S. 110-136 seems clearly to contemplate the entry of a continuing order of garnishment reaching earnings for future pay periods, thus changing the former law of this State, as above set forth, with reference to the garnishment of, as yet, unaccrued wages. The liability of the garnishee under such an order would, of course, as to future pay periods, be contingent upon the actual accrual of the defendant employee's earnings in such future pay period.

It appears from the answers of the United States Attorney and of the United States Marine Corps that the defendant's net retirement pay, at that time, was $801.52, per month, and the total indebtedness of the Marine Corps to the defendant, on account of retirement pay, as of the date its answer was filed, was $1,049.80. Thus, it is clear that the retirement pay then accrued was for a period less than 60 days. Consequently, it was exempt

from garnishment for alimony under the provisions of G.S. 1-362 and not more than 20% thereof was subject to garnishment for child support under the provisions of G.S. 110-136.

The remainder of the total sum of $1,871.61 ($821.81) which has been paid in to the Clerk of the Superior Court by the United States and distributed by the Clerk to the plaintiff, pursuant to the order. of the District Court, was retirement pay for then future pay periods and so, for the reasons above mentioned, was not subject to garnishment except to the extent of 20% thereof for child support pursuant to G.S. 110-136.

In his supplemental brief, filed in the Court of Appeals, the defendant stated:

"Appellant [the defendant] has never contested his basic liability under [G.S.] § 110-136 to provide up to twenty percent (20%) of his retired pay for child support. Appellant has authorized the continuous withholding and disbursement of twenty percent (20%) of his retired *and disability pay* for past and present obligations. By doing so appellant waives any and all objections to said 'garnishment' including possible exemptions." (Emphasis added.)

By the above mentioned "authorization for disbursement of earnings," filed in the District Court 27 October 1976, the defendant authorized and directed the Marine Corps Finance Center to pay over to the Clerk of the Superior Court of Cumberland County "20% of all of Respondent's accrued retirement earnings which have been withheld pursuant to garnishment/attachment proceedings in this case to the end that said sum may be forthwith disbursed to Plaintiff for the benefit and support of Karl Robert Elmwood" and further authorized the withholding of 20% of his then future retirement earnings and payment thereof to the Clerk of the Superior Court until the arrearage in child support due from the defendant be fully paid, plus a further withholding, after the payment of all such arrearages, and during the minority of Karl, of 20% of the defendant's retirement earnings or $100.00 per month, whichever is less, for payment to the Clerk of the Superior Court for the benefit and support of Karl.

We conclude that the District Court erred in ordering the disbursement to the plaintiff of the entire $1,871.61 paid into the court by the garnishee, but the Court of Appeals also erred in its holding that the defendant's motion for dissolution of the order of attachment should have been allowed in its entirety. By virtue of G.S. 110-136, 20% of this $1,871.61, or the amount allowed for child support, for the pay periods in which this amount was earned, pursuant to the order of the District Court entered 20 February 1968, whichever is less, was subject to garnishment and distribution to the plaintiff, as was 20% of subsequent retirement pay accruals (or the amount of child support for such pay periods ordered by the District Court in its order of 20 February 1968, whichever is less). From the amount which is now withheld by the Marine Corps Finance Center and, as yet, undistributed, there should be paid over to the defendant an amount equal to that portion of the $1,871.61 heretofore distributed to the plaintiff which was improperly so distributed to her. Of the remainder of such presently accrued withholdings, 20% should be paid to the Clerk for distribution to the plaintiff and 80% to the defendant. Of future retirement pay installments, 20% should be withheld and paid over to the Clerk for distribution to the plaintiff until all arrearages in child support payments are fully paid and Karl Elmwood has reached the age of 18. Thereafter, the defendant's then future retirement pay should be paid to him free from the order of garnishment.

The order of the District Court dated 9 March 1976 and entitled "Order Vesting Title" was erroneous and is, hereby vacated. As the Court of Appeals held, the order of the District Court dated 20 October 1976 and entitled "Order Confirming Disbursement" by which the District Court purported to confirm the disbursement to the plaintiff of the sum of $1,871.61 paid by the garnishee into the Office of the Clerk of the Superior Court of Cumberland County, was also erroneous and is, hereby, vacated. The Court of Appeals, however, erred in holding that the District Court should have allowed the defendant's motion for dissolution of the order of attachment entered by the District Court 14 July 1975. That order should have been modified so as to limit it to the maximum amount subject to garnishment pursuant to G.S. 110-136. The garnishee should now be directed to make payments to the Clerk of the Superior Court of Cumberland County and to

the defendant as above stated. The Clerk should be directed to make distributions to the plaintiff as above stated.

The Court of Appeals erred in its holding that the District Court should have allowed the defendant's motion for dissolution of the attachment order. That order, entered 14 July 1975, modified to limit its effect to the maximum amount subject to garnishment, pursuant to G.S. 110-136, was within the authority of the District Court and proper.

This matter is, therefore, remanded to the Court of Appeals with direction that it enter its judgment further remanding the matter to the District Court for the entry of an order in conformity with this opinion.

Modified and remanded.