DR. N. FRANK COSTIN, DR. CARLOS T. COOPER AND DR. E. JOSEPH DANIELS, BOARD OF PODIATRY EXAMINERS FOR THE STATE OF NORTH CAROLINA v. RALPH SHELL

No. 8110SC15

(Filed 7 July 1981)

**1. Physicians, Surgeons and Allied Professions § 1— injunction prohibiting practice of podiatry**

The trial court properly granted summary judgment for the Board of Podiatry Examiners in its action for an injunction prohibiting defendant from practicing podiatry, holding himself out as a podiatrist or describing his occupation by the use of any words or letters calculated to represent that he is a podiatrist where defendant admitted that he was not licensed by the Board

and that his stationery included the letters D.P.M. which commonly mean Doctor of Podiatric Medicine, and where plaintiff's evidence tended to show that patients of defendant thought he was a qualified doctor to examine and correct their foot ailments, that defendant had surgically removed and treated an infected, ingrown toenail of a patient, and that the diagnosis and treatment of ingrown toenails is a medical matter.

**2. Equity § 2.2; Physicians, Surgeons and Allied Professions § 1— injunction against practice of podiatry — laches**

The doctrine of laches did not prevent the issuance of an injunction prohibiting the practice of podiatry by a defendant who opened a foot clinic some thirty years earlier where defendant presented no evidence that he was prejudiced by the delay, and defendant in fact benefited by any delay in bringing the action because he was able to continue to profit from his unlawful practice of podiatry.

**3. Physicians, Surgeons and Allied Professions § 1— injunction prohibiting practice of podiatry — statute of limitations**

The ten-year statute of limitations of G.S. 1-56 did not bar an action by the Board of Podiatry Examiners seeking an injunction prohibiting the practice of podiatry by a defendant who opened a foot clinic some thirty years earlier since defendant's violation of the podiatry statutes is an ongoing violation, and defendant was unlawfully practicing podiatry at the time the action was filed.

APPEAL by defendant from *Farmer, Judge.* Judgment entered 28 August 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 2 June 1981.

The North Carolina Board of Podiatry Examiners (Board) brought this action to enjoin the defendant, Ralph Shell, from "practicing podiatry in [North Carolina], holding himself out as a podiatrist or designating himself or describing his occupation by the use of any words or letters calculated to represent that he is a podiatrist." In 1950, defendant founded, and since that time has been operating, Shell's Foot Clinic in Kinston, North Carolina. In his Answer, defendant admitted that he does not possess a license to practice podiatry, that he is not registered with the Board of Podiatry Examiners and that his stationery letterhead contains the words "Dr. Ralph Shell, D.P.M., [Doctor of Podiatric Medicine] C. Ped. Podiatrist-Pedorthist." In defense however, defendant claims that his practice at Shell's Foot Clinic does not rise to the level of practicing podiatry and that no one has complained of being harmed by his treatment. Defendant asserts that the extent of his practice is to fit and manufacture orthopedic shoes and to administer "therapeutic measures designed to relieve foot discom-

fort [primarily ingrown toenails], frequently caused by the wearing of improper shoes."

Based on the pleadings and supporting affidavits, the trial court granted summary judgment in favor of the Board. Defendant is before us appealing from this adverse judgment.

*Allsbrook, Benton, Knott, Cranford & Whitaker, by Thomas I. Benton, for defendant appellant.*

*Broughton, Wilkins & Crampton, P.A., by J. Melville Broughton, Jr. and H. Julian Philpott, Jr., for plaintiff appellee.*

BECTON, Judge.

[1] In applying the standard for summary judgment, the trial court found, based on the pleadings and affidavits, that no genuine issue existed as to any material fact. *See Loy v. Lorm,* 52 N.C. App. 428, 278 S.E. 2d 897 (1981). Our view of the record is in accord with the findings and judgment of the trial court.

G.S. 90-202.3 makes it unlawful for any person to "practice podiatry unless he shall have been first licensed and registered so to do in the manner provided in this Article [Article 12—Podiatrists] . . . ." Podiatry under the Article is defined as "the surgical or medical or mechanical treatment of all ailments of the human foot . . . ." G.S. 90-202.2. The Board has been given specific statutory authority to petition the courts for injunctive relief to prevent violations of the statutes governing the practice of podiatry. G.S. 90-202.13.

In the case at bar, defendant acknowledged that he was not licensed by or registered with the Board and that his stationery included the letters D.P.M. which commonly mean Doctor of Podiatric Medicine. The defendant refers to himself as "Doctor" Shell even though he does not have a medical degree, and the affidavits of two of his patients indicate that they thought he was a "qualified doctor to examine and correct" their foot ailments. Moreover, the Board offered in support of its summary judgment motion a letter signed by "Dr. Ralph Shell" in which the defendant acknowledged that he had "surgically removed, relieved and treated on December 6, 1975" the infected, ingrown toenail of Mr. Rudolph Smith. Dr. Robert M. Hatcher, a licensed Doctor of

Podiatry, provided the Board with an affidavit in which he gave his opinion that "the diagnosis and the treatment of ingrown toenails is a medical matter . . . [and] should [not] be attempted by non-medical personnel." Based on the pleadings, admissions and affidavits, then, the trial court's order of summary judgment was properly granted.

[2] In the alternative, defendant argues that if he were found to be practicing podiatry, then the doctrine of laches and the statute of limitations prohibit the grant of an injunction. These arguments are without merit. The doctrine of laches requires a showing (1) that the petitioner negligently failed to assert an enforceable right within a reasonable period of time, *Builders Supplies Co. v. Gainey*, 282 N.C. 261, 192 S.E. 2d 449 (1972); *and* (2) that the propounder of the doctrine was prejudiced by the delay in bringing the action, *Rape v. Lyerly*, 287 N.C. 601, 215 S.E. 2d 737 (1975). Defendant presented no evidence by way of affidavit that he was prejudiced by the delay. In fact, defendant benefited by any delay in bringing this action because he was able to continue to profit from his unlawful practice of podiatry.

[3] Defendant also contends that the Board is barred from bringing this action by the ten-year statute of limitations under G.S. 1-56. Defendant's violation of the podiatry statutes, however, is an ongoing violation; defendant was unlawfully practicing podiatry and holding himself out as a Doctor of Podiatry at the time this action was filed. Hence, the ten-year statute of limitations, if applicable, would not have been tolled at the time the complaint was filed.

The grant of the Board's motion for summary judgment was in all respects correct, and therefore we

Affirm.

Judge VAUGHN and Judge ARNOLD concur.