IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-789

No. COA22-146

Filed 6 December 2022

Dare County, No. 11 CVS 1014

RADIANCE CAPITAL RECEIVABLES TWENTY ONE, LLC, Assignee of FIRST BANK, Plaintiff,

v.

TIMOTHY E. LANCSEK, Defendant.

Appeal by defendant from judgment entered 9 September 2021 by Judge Jerry R. Tillett in Dare County Superior Court. Heard in the Court of Appeals 9 August 2022.

*Gregory P. Chocklett for plaintiff-appellee.*

*Sharp, Graham, Baker & Varnell, LLP, by Casey C. Varnell, for defendant-appellant.*

GORE, Judge.

**I.**

¶ 1 A Default Judgment ("Judgment") was entered against defendant Timothy E. Lancsek in favor of First Bank on 18 January 2012 in the Dare County Superior Court for money owed on a Note secured by a deed of trust on land located in Dare County, North Carolina. The Judgment was sold and assigned to plaintiff Radiance Capital Receivables Twenty One, LLC on 13 June 2017 and filed with the court 18 March

2020. The parties dispute when collection efforts began; defendant claims efforts began November 2020, while plaintiff claims efforts began with a solicitation to settle and resolve the Judgment in the summer of 2020. Settlement discussions failed and on 28 September 2020, plaintiff obtained a Notice of Right to Claim Exempt Property ("Notice of Right") from the Dare County Clerk of Court's office to serve upon defendant.

¶ 2    Plaintiff attempted to serve defendant with his Notice of Right by certified mail, but it was returned unsigned after three attempts. Plaintiff then attempted service by USPS First Class Mail on 5 November 2020 to defendant's last known address, which was returned unclaimed. Plaintiff filed an Affidavit of Service of Notice of Right and sought a writ of execution. The writ of execution was issued by the Dare County Clerk on 31 December 2020. When plaintiff requested the clerk to issue the writ, plaintiff's counsel requested the clerk send the writ to his office, because plaintiff's counsel intended to obtain an Order in Aid of Execution and send both the writ and the Order to the Sheriff's Office. Parties disagree as to when the Sheriff first attempted service upon defendant with the writ.

¶ 3    On 12 January 2021, plaintiff filed an Ex Parte Motion for an Order in Aid of Execution ("Ex Parte Order") for the "Dare County Sheriff's office to levy on defendant's bank or credit union accounts, deposits, certificates of deposits, or other assets located in Dare County." On 25 January 2021, the trial court granted the Ex

Parte Order "conclud[ing] as a matter of law that the property of defendant [was] subject to levy upon a Writ of Execution pursuant to, *inter alia*, [N.C. Gen. Stat.] §§ 1-359, 1-360, and 1-362." The Ex Parte Order forbade Dare County financial institutions from transferring or disposing of defendant's property and required them to freeze the accounts up to the amount outstanding on the Judgment. On 1 February 2021, the Dare County Sheriff personally served defendant with the Writ of Execution and the Ex Parte Order. The date of return of the Writ of Execution is listed as 14 September 2021. On 4 February 2021, the Sheriff seized defendant's Wells Fargo joint bank account and Wells Fargo then transferred $153,805.24 from the account to the Sheriff's Office to satisfy the total amount of the Writ of Execution.

¶ 4        Counsel for both parties then conferred as to the ownership of the joint bank account and what amount from the account was subject to the Sheriff's levy, but discussions failed. On 12 March 2021, plaintiff filed a Motion for Order Granting Plaintiff's First Request for Production of Documents in Supplemental Proceedings to Defendant Timothy E. Lancsek requesting the trial court order defendant to produce certain bank documents to determine proper ownership of the joint bank account. Plaintiff also filed a Motion for an Additional Order in Aid of Execution in which plaintiff sought a hearing regarding the portion of the funds owned by defendant and subject to the levy.

¶ 5        On or about 26 March 2021, the trial court entered an Additional Order in Aid of Execution and Order for Production of Documents in Supplemental Proceedings after hearing arguments from counsel. This Order granted plaintiff's motion for first request for production of documents in supplemental proceedings and required the Dare County Sheriff to retain the levied funds until resolution. The trial court also required an evidentiary hearing after exchange of the documents to determine the remaining issues regarding the levied funds. Defendant produced the requested documents and on 14 June 2021, plaintiff filed an affidavit summarizing the discovered bank statements along with the percentages of contributions between defendant and his wife to the joint bank account.

¶ 6        On 21 June 2021, a Second Additional Aid in Order of Execution hearing occurred to determine who owned the joint bank account, whether the funds were properly levied, and any exemptions available to defendant. At the beginning of the hearing, defendant's counsel briefly made claims of procedural error in the issuance of the Notice of Right, stating defendant never received service of the Notice of Right and thus the writ of execution and Ex Parte Order were issued prematurely.

¶ 7        Judge Tillet asked defendant's counsel what was done in response to the personally served writ of execution given this claim of procedural error, to which defense counsel responded they did not act because of belief the joint account was inaccessible to execution. On 2 July 2021, Judge Tillet sent a letter with his findings

to parties' counsel, and on 9 September 2021, issued his Second Additional Order in Aid of Execution. The trial court found defendant's joint account held approximately 82% of defendant's deposits and approximately 18% of his wife's deposits, and further found the Sheriff levied 66% of the funds from the joint account, which resulted in $38,461.54 of defendant's deposits remaining in the account after levy. The trial court also found defendant failed to meet his burden of proof of any equitable reasons to exempt any of the funds seized or that any funds were necessary for family purposes under Section 1-362. Finally, the trial court concluded that defendant was "guilty of laches in being dilatory in exercising or protecting his rights or property." Defendant timely appealed the entry of the Second Additional Order in Aid of Execution.

## II.

Defendant raises the following issues on appeal: (1) whether the issuance of the writ of execution was valid for lack of proper service of the Notice of Right; (2) whether the trial court erred in granting the Ex Parte Order allowing seizure of defendant's joint bank account at Wells Fargo; (3) whether defendant met his burden of proof for exemption of the last sixty days of his income per Section 1-362; and (4) whether the trial court erred in concluding that defendant was guilty of laches for being dilatory in his efforts to protect his rights. After careful review of the record and applicable law, we affirm.

**A.**

¶ 9        Defendant challenges the trial court's jurisdiction to issue the Ex Parte Order, claiming the court acted beyond its authority under Section 1-360 in his Appellant Brief and Section 1-358 in his Reply-Brief.  N.C. Gen. Stat. §§ 1-358, 1-360 (2021).  Defendant claims the trial court lacked subject matter jurisdiction to grant this supplemental proceeding prior to any unsuccessful attempt by plaintiff to satisfy the writ of execution in whole or in part.  We disagree.

¶ 10       A challenge to subject matter jurisdiction does not require preservation to appeal.  "Subject matter jurisdiction, a threshold requirement for a court to hear and adjudicate a controversy brought before it, is conferred upon the courts by either the North Carolina Constitution or by statute."  *In re M.B.*, 179 N.C. App. 572, 574, 635 S.E.2d 8, 10 (2006) (internal quotations and citations omitted).  "[T]he issue of subject matter jurisdiction may be raised for the first time on appeal."  *Burgess v. Burgess*, 205 N.C. App. 325, 328, 698 S.E.2d 666, 669 (2010) (citations omitted).  A challenge to subject matter jurisdiction is reviewed *de novo*.  *Milone & MacBroom, Inc. v. Corkum*, 279 N.C. App. 576, 580, 2021-NCCOA-526, ¶ 11.

¶ 11       In *Milone & MacBroom, Inc.*, this Court considered a trial court's jurisdiction to institute a supplemental proceeding under Section 1-352 prior to the issuance of a writ of execution.  *Id.* at 578, 2021-NCCOA-526, ¶¶ 7, 15.  This Court held the trial court lacked statutory authority under Section 1-352 over the supplemental

proceedings conducted prior to the issuance of the writ of execution. *Id.* at 582, 2021-NCCOA-526, ¶¶ 15, 16. This Court reasoned the record did not establish the issuance of a writ of execution. *Id.* This Court concluded the plain language of Section 1-352 required both the issuance of the writ of execution prior to a supplemental proceeding, and that the writ of execution be returned unsatisfied in part or in whole. *Id.*, 2021-NCCOA-526, ¶ 15.

¶ 12        Unlike Section 1-352, Section 1-358 and Section 1-360 do not require a return of the execution unsatisfied prior to any supplemental proceeding. Section 1-358 states, "The court or judge may, by order, forbid a transfer or other disposition of, or any interference with, the property of the judgment debtor not exempt from execution." N.C. Gen. Stat. § 1-358 (2021). Generally, supplemental proceedings in Article 31 of Chapter 1 of the General Statutes are only available after the creditor attempts to satisfy an issued execution and it is returned unsatisfied. *Massey v. Cates*, 2 N.C. App. 162, 164, 162 S.E.2d 589, 591 (1968). The requirement that the execution be returned unsatisfied is explicitly included within certain statutes and excluded from other statutes. *See* N.C. Gen. Stat. §§ 1-352 and 1-360. Thus, as stated in *Milone & MacBroom, Inc.*, "It is apparent from both the plain language of the supplemental proceeding statutes and our prior case law that a statutory precondition to instituting supplemental proceedings against a defendant is the

issuance of a writ of execution and, under Section 1-352, the return of that writ unsatisfied in whole or in part." 279 N.C. App. at 582, 2021-NCCOA-526, ¶ 15.

¶ 13    The proceeding in this case differs from *Milone & MacBroom, Inc.*, because the supplemental proceeding in that case, per Sections 1-352, 1-352.1, and 1-352.2, was a procedural mechanism directed at the judgment debtor to discover his existing property. Whereas in this case the supplemental proceeding, per Sections 1-358 and 1-360, is a procedural mechanism to pursue the judgment debtor's property that is in the hands of third parties not party to the suit. As stated in *Motor Finance Co. v. Putnam*,

> When [Sections 1-358 and 1-360] are read either singly or as a component part of Article 31 of the General Statutes, it is plain that a supplemental proceeding against a third person is designed to reach and apply to the satisfaction of the judgment property of the judgment debtor in the hands of the third person . . . at the time of the issuance and service of the order[.]

229 N.C. 555, 557, 50 S.E.2d 670, 671 (1948); *see also Cornelius v. Albertson*, 244 N.C. 265, 267–68, 93 S.E.2d 147, 149 (1956) (explaining the procedure of Section 1-360 when a person, not party to the suit, has property of the judgment debtor).

¶ 14    In *Milone & MacBroom, Inc.*, the plaintiff served interrogatories and requests for production of documents, which are supplemental proceedings available within Sections 1-352.1 and 1-352.2. 279 N.C. App. at 577, 2021-NCCOA-526, ¶ 4. These were proceedings directed at the judgment debtor to discover the debtor's property.

However, in the present case, the Ex Parte Order was entered to prevent transfer of defendant's property and/or funds by a Dare County financial institution, a third party with access to the property. Such a proceeding is directed at third parties to assist in the levying of defendant's personal property as authorized by the writ of execution. Since the Ex Parte Order was issued pursuant to Sections 1-358 and 1-360 to prevent third parties from disposing of property, the Ex Parte Order differed from the supplemental proceeding in *Milone & MacBroom, Inc.*, in which the trial court lacked subject matter jurisdiction.

¶ 15        In the present case, the clerk issued a writ of execution on 31 December 2021. Plaintiff then filed a Motion for an Ex Parte Order on 12 January 2021. Plaintiff sought the Ex Parte Order as supplemental to the issued writ of execution. The trial court granted the Ex Parte Order on 25 January 2021. While the parties dispute the issuance of the writ of execution and any attempts, this Court is limited to the record before it and without further evidence may only rely on the dates of issuance, and the Orders confirming the same. Since the writ of execution was issued prior to the supplemental proceeding of an Ex Parte Order per Sections 1-358 and 1-360, we conclude the trial court had proper subject matter jurisdiction to grant the Order and such order was valid. *See Songwooyarn Trading Co. v. Sox Eleven, Inc.*, 219 N.C. App. 213, 218, 723 S.E.2d 569, 572–73 (2012) (holding it was within the trial court's

jurisdiction and authority to prohibit the defendant's "transfer, disposal, or removal of property or assets" under Section 1-358).

**B.**

¶ 16        Defendant challenges the validity of the issued writ of execution, claiming plaintiff failed to follow statutory procedure in serving the Notice of Right prior to seeking the writ of execution. Because defendant failed to properly preserve his right to appeal these alleged procedural errors, this Court may not review the same under North Carolina Rules of Appellate Procedure 10(a).

¶ 17        Under Rule 10(a) of the North Carolina Rules of Appellate Procedure,

> to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion. Any such issue that was properly preserved for review by action of counsel taken during the course of proceedings in the trial tribunal by objection noted . . . may be made the basis of an issue presented on appeal.

Our Supreme Court has stated there are two requirements for preserving an issue: "(1) a timely objection clearly (by specific language or by context) raising the issue; and (2) a ruling on that issue by the trial court." *M.E. v. T.J.*, 380 N.C. 539, 559, 2022-NCSC-23, ¶ 50. While a recitation of "certain magical words" is not required to preserve the issue for appeal, there is a "functional requirement of bringing the trial court's attention to the issue such that the court may rule on it." *Id.* at 559, 2022-

NCSC-23, ¶ 51. In *M.E.*, the Court determined the plaintiff properly preserved her right to appeal because she raised the issue and obtained a ruling on her claim regarding the constitutionality of relief in a Chapter 50B case. *Id.* at 560, 2022-NCSC-23, ¶ 53.

¶ 18 In the present case, defense counsel failed to challenge the Notice of Right service and validity of the writ of execution and Ex Parte Order until an equitable hearing of the Second Additional Order in Aid of Execution, conducted for the purpose of determining equitable exemptions under Section 1-362. Even if this attempt could constitute raising and preserving the issue for appeal, absent a record of the trial court's ruling on the issue, defendant fails to meet both requirements for preservation of the right to appeal under Rule 10(a). Defendant claims service of the Notice of Right was inadequate in 2020, and that the writ was not delivered along with the Ex Parte Order until 4 February 2021, yet defendant made no efforts to contest errors to these procedural mechanisms from February 2021 until June 2021. The record is silent as to any challenges to these alleged violations, any motions, or other attempt to set aside the writ or Ex Parte Order. This Court will not review an unpreserved issue on appeal. N.C.R. App. P. 10(a).

**C.**

¶ 19      Defendant next challenges the trial court's finding he failed to meet his burden of proof to claim exemption of his earnings for family purposes the sixty days prior to levy.  We disagree.

¶ 20      The purpose of supplemental proceedings "is to afford the creditor an equitable remedy for the enforcement of his judgment[.]"  *Hasty v. Simpson*, 77 N.C. 69, 70 (1877); *Johnson Cotton Co. v. Reaves*, 225 N.C. 436, 443, 35 S.E.2d 408, 413 (1945) ("This being a supplemental proceeding under Article 31 of Chapter 1 of General Statutes, equitable in its nature . . .").  The standard of review for a non-jury trial is "whether there is competent evidence to support the court's findings of fact and whether the findings support the conclusions of law and ensuing judgment."  *Cartin v. Harrison*, 151 N.C. App. 697, 699, 567 S.E.2d 174, 176 (2002) (citation omitted).  "[T]his Court's review . . . is limited to a determination of whether an abuse of discretion occurred.  An abuse of discretion is a decision manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision."  *Briley v. Farabow*, 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998).

¶ 21      Section 1-362 explicitly requires exemption from execution or garnishment of the debtor's earnings if the debtor shows by affidavit these "earnings are necessary for the use of a family supported wholly or partly by his labor."  *Elmwood v. Elmwood*, 295 N.C. 168, 185, 244 S.E.2d 668, 678 (1978) (quoting N.C. Gen. Stat. § 1-362).  In

*Elmwood*, the Supreme Court referred to a prior Supreme Court case, *Goodwin v. Clayton*, 137 N.C. 224, 49 S.E. 173 (1904), for the proposition that the interpretation of this statute should be "given a liberal construction favorable to the exemption." *Elmwood*, 295 N.C. at 185, 244 S.E.2d at 678. The debtor must demonstrate his earnings are necessary to support his family for purposes of claiming exemption under Section 1-362. *Sturgill v. Sturgill*, 49 N.C. App. 580, 586, 272 S.E.2d 423, 428 (1980).

¶ 22        The trial court included findings of fact in the Second Additional Order in Aid of Execution to support its conclusions of law. The trial court determined defendant failed to meet his burden of proof showing equitable reasons for exemption of any seized funds sixty days prior to levy, and that he failed to prove the seized funds were needed for family purposes under Section 1-362. Prior to entering this order, the trial judge sent a letter to both parties explaining in further detail his findings. Within the letter, the trial judge explained defendant's funds were commingled and used without "sufficient segregation" for business expenses, such as for taking clients to dinner and paying taxes.

¶ 23        Further, defendant's spreadsheet in support of his affidavit included both business expenses and family expenses and did not distinguish between these expenses. Defendant testified all expenses were family expenses since he is self-employed. Defendant testified he expended $15,000 per month in expenses, yet his

wife claimed the family expenses were $6,000 per month. Even after levying the total amount for satisfaction of the Judgment, defendant still had in his possession a total of $38,461.54 of funds not including the funds contributed by his wife. Accordingly, viewing these facts as a whole, competent evidence supported the trial court's finding that defendant failed to meet his burden of proof for exemption under Section 1-362. Defendant has failed to show any abuse of discretion in this determination.

## D.

Finally, defendant argues the trial court erred in concluding that defendant was guilty of laches for being dilatory through his failure to protect his rights. We disagree.

Under the doctrine of laches, a showing is required that (1) the party against whom the doctrine is charged "negligently failed to assert an enforceable right within a reasonable period of time, . . . and (2) that the propounder of the doctrine was prejudiced by the delay in bringing the action." *Costin v. Shell*, 53 N.C. App. 117, 120, 280 S.E.2d 42, 44 (1981). "What will constitute laches depends on the facts and circumstances of each case." *Capps v. City of Raleigh*, 35 N.C App. 290, 298, 241 S.E.2d 527, 532 (1978). In *Capps*, this Court held, based upon the facts, that the delay of five years and nine months was unreasonable and without a rational excuse. *Id*. While the "mere passage or lapse of time is insufficient to support a finding of laches," if the finding is based on the delay being unreasonable and working to the

"disadvantage, injury or prejudice of the person seeking to invoke it," then this will support an ultimate finding of laches. *Id.* (citation omitted).

¶ 26     In challenging the trial court's finding, defendant merely points to his statutory rights under Section 1C-1603, and when waiver applies within the statutory scheme for the notice of rights. *See* N.C. Gen. Stat. § 1C-1603 (2021). Defendant also incorrectly states the first attempts of post-judgment enforcement were on 4 February 2021, yet at the hearing, defendant testified he had communications with plaintiff over settlement efforts in the summer of 2020. Defendant's recitation of the facts conflicts with the record, and defendant fails to ground his defense against a finding of laches in law. Defendant also testified he took no action once in receipt of the writ of execution, because he was unfamiliar with the processes conducted by plaintiff. Having reviewed the record, we conclude that competent evidence supported the trial court's determination that defendant was guilty of laches for failure to exercise his rights.

## III.

¶ 27     The trial court possessed subject matter jurisdiction to enforce plaintiff's Judgment against defendant, and defendant's issues of procedural error were unpreserved on appeal. The trial court did not err in finding defendant failed to meet his burden under Section 1-362 to exempt a portion of the seized funds, nor did it err

in concluding that defendant was guilty of laches in being dilatory in exercising his rights in a reasonable time frame.

AFFIRMED.

Judges TYSON and INMAN concur.